BROWN, Chief Judge,
dissenting.
| ¡Bruce and Janice Sullivan were divorced in Ouachita Parish in June of 1990. Their community property included 120 acres in Claiborne Parish. The divorce judgment prohibited the parties from alienating or encumbering any community property. A notice of Us pendens was filed in Claiborne Parish. In disregard of the court order, Mr. Sullivan, who is in the timber business, cut and stacked timber from this 120-acre tract in 1994 and 1995. He then had Harmon Wood Company haul it to the mill and had the mill pay Priscilla Wallace. Janice found out in 1995 and filed this action in December of 1995.
The trial court did a thorough job on factual findings. Clearly, there was no manifest error in the trial court’s findings. In particular, the trial court found that defendant clearly intended not to pay his former wife her share of the proceeds.
The issue in this case is a legal one which has drawn amicus briefing. Specifically, plaintiff, Janice Sullivan, and the amicus brief submitted by Northeast La. Forest Landowners Association ask that we overrule Alexander v. Dunn, 44,272 (La.App.2d Cir.06/06/09), 15 So.3d 302, writ denied, 09-1487 (La.10/02/09), 18 So.3d 122. In Alexander, Dunn owned one-half of the community property and his deceased wife’s five children owned the other half. Dunn sold the timber (through thinning) and was sued by the five children. This court ruled that the timber theft statute did not apply to co-owners. Instead, the co-ownership articles of the civil code applied.
|zLa. R.S. 3:4278.1 is entitled “Trees, cutting without consent; penalty.” It is often referred to as the “timber piracy,” “timber theft,” or “timber trespass” provision, and states that it is unlawful to cut and remove timber without the consent of the “owner or legal possessor.” The issue in the case sub judice differs from Alexander v. Dunn in that it concerns a co-owner who is also a contractor. Therefore, he is also subject to La. R.S. 3:4278-2.
In McConnico v. Red Oak, 36,985 (La.App.2d Cir.05/16/03), 847 So.2d 191, this court, applying La. R.S. 3:4278.2 (the 80% rule), held that the buyer, Red Oak, of the timber from a co-owner who only owned *1127 one half was liable for treble damages to the other co-owner. In footnote two, 847 So.2d at 195, this court stated that “our opinion relies heavily on the strong public policy reflected in La. R.S. 3:4278.2 which describes Red Oak’s failure to identify and consult all co-owners as presumptive timber theft.” In the instant case, Bruce Sullivan intentionally failed to consult all co-owners.
Further, the Third Circuit in Prewitt v. Rodrigues, 04-1195 (La.App. 3d Cir.02/02/05), 893 So.2d 927, found that a brother acted as a tree pirate in flagrant disregard of his sister’s ownership rights and had willfully and intentionally sold timber with no intention to pay his sister her share. The appellate court affirmed the trial court’s award of treble damages and attorney fees. This case is obviously in conflict with Alexander v. Dunn.
In the case sub judice, Mr. Sullivan cut and sold timber which he knew was 50% owned by his former wife. He had no intention of paying )3his former wife her share. I would affirm the trial court.[2]

. If the majority opinion is correct and the timber trespass statute does not apply to co-owners, then the accounting claim should have been dealt with in the pending partition/accounting lawsuit in Ouachita Parish. La. R.S. 9:2801. However, Mr. Sullivan did not seek writs from the denial of his exception of no right of action and the case proceeded to trial in Claiborne Parish. This litigation has been ongoing since 1995 and it would not make sense to now reverse and retry this matter in Ouachita Parish. So I agree with the majority's conclusion but find its reasoning flawed.